UNITED STATES RADIATOR CORPORA-
TION v. HENDERSON et al.

No. 879.

Circuit Court of Appeals, Tenth Circuit.

Feb. 5, 1934.

For original opinion, see 68 F.(2d) 87.

George L. Nye, of Denver, Colo. (Clyde C. Dawson, Jr., and Pershing, Nye, Bosworth & Dick, all of Denver, Colo., of counsel), for appellant.

G. Dexter Blount, of Denver, Colo. (Harry S. Silverstein and David Rosner, both of Denver, Colo., on the brief), for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellant, in its brief on motion for rehearing, says:

"Negligence might have been established by expert testimony (Coakley v. Prentiss-Wabers Stove Co., 182 Wis. 94, 195 N. W. 388) but there was no such testimony.

"In the absence of proof of the character indicated, appellees were not entitled to have the case submitted to the jury."

At the time of the fire Gandrup had been engaged as an independent contractor in plumbing and heating for ten years or more. Prior thereto he had been with others in the same work. He installed this furnace. As a witness for plaintiff he was asked: "What would you say as to the failure to securely fasten the smoke hood on the top of the boiler as to being a defect in design or construction of this boiler?" He answered: "I would say it was a defect in the design of the boiler. For the reason that if the smoke hood was fastened to the dome there would be less danger in fire or of fire." On cross examination he testified: "I discovered this defect in design on Mr. Henderson's job. That is the only basis which I have for saying that the boiler is defective in design." On redirect examination he said: "In my examination by Mr. Nye, I stated that my attention was called to the defect in design or construction of this boiler in the respects I have mentioned by this Henderson fire. After the fire, and on account of the fire, I made a detailed examination of the boiler. The conclusion arrived at by me, and stated in my testimony in reference to the defective design of this boiler, was arrived at from that examination."

Mr. Larimer also testified for plaintiff, appellee here. He had been with a well known company in Denver for fifteen years that handled boilers similar to the one in question in this suit. He had charge of its heating department. He testified that he was familiar with the make, installation and operation of boilers used to generate steam through the use of coal fuel. He had occasion to study their operation and design. He was familiar with the design of boilers with reference to where the smoke hood is located. He knew the purpose of the smoke hood. In connection with his work he had studied and observed the causes and effects of what might be called explosions, puffs or combustion of gases when coal is used in a furnace. Based upon that experience he testified that in a smoke hood located on the top, as appellant's without being fastened securely so as not to be able to be blown off or moved off in the event of an explosion or combustion of gas, "There is undoubtedly an element of danger, a greater element of danger between the top outlet smoke hood, and the rear outlet smoke hood." Apparently, from several questions asked, it was assumed that, if appellant's smoke hood was securely fastened to the top of the dome, that might cause the blowing off of the pipe leading from the smoke hood to the flue. Thereupon the witness said: "In a boiler of this construction there is a damper in the smoke hood that intervenes between the stovepipe and the furnace itself. If this damper were in a closed position, it would have a tendency to confine the fire inside the boiler, but if the smoke hood itself should be blown off, or come off, there is nothing to confine the fire."

These two witnesses testified as experts for plaintiff. Appellant's counsel contend, as we understand them, that they were not experts; hence they say negligence might have been established by expert testimony, but there was no such testimony. But the unsoundness of the contention is fully dem-

onstrated, we think, by the opinion of Circuit Judge Van Devanter (now Mr. Justice Van Devanter) in United States Smelting Co. v. Parry (C. C. A.) 166 F. 407, which has been cited and relied upon in a great number of cases, both as to the competency of such proof and the broad discretion of the trial judge as to its admissibility.

The petition for rehearing will be denied.

PHILLIPS, Circuit Judge, dissents.